David R. Socher, Esq. (SBN 158023)
David R. Socher Attorney at Law, PC
3443 Golden Gate Way, Suite F
Lafayette, California 94549
Telephone: (925) 962-9191
Facsimile: (925) 962-9199
Email: david@drsocher.com

Attorney for Defendant
Daniel Klein

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing,,<br><br>    Plaintiff,<br><br>v.<br><br>K2 Property Development, LLC dba Conserva Solar, Daniel Klein, an individual and DOES 1 through 100,,<br><br>    Defendant. | Case No.: **'16CV0678 AJB  WVG**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)**<br><br>[Filed concurrently with:<br>(1) Notice to All Parties;<br>(2) Corporate Disclosure Statement<br>(3) Declaration of David Socher<br>(2) Joinder Consent]<br><br>Action Filed: December 15, 2015 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND TO ALL OTHER PARTIES:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant DANIEL KLEIN (hereinafter "Klein"), an individual, through his counsel of record David R. Socher, Attorney at Law, PC, hereby files this Notice, in order to remove to the United States District Court for the Southern District of California, the state court action, Case No. 37-2015-00041552-CU-BT-CTL in the Superior Court of the State of California for the County of San Diego,

further described below. The basis for removal is federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## I. INTRODUCTION

Plaintiff ANTON EWING (hereinafter "Plaintiff") filed an action against K2 Property Development, LLC dba Conserva Solar (hereinafter "K2") and Daniel Klein ("Klein") (collectively "Defendants") Case No. 37-2015-00041552-CU-BT-CTL in the Superior Court of the State of California for the County of San Diego. Plaintiff's Complaint was filed on December 15, 2015, and alleges causes of action for violations of California's Invasion of Privacy Act;; RICO Conspiracy 18 U.S.C. § 1964(c); Violations of Do Not Call Registry 47 U.S.C. §227, 47 C.F.R. 64.1200(c)(2), Fraud; Trespass to Chattels; Caller ID Spoofing; and California Business and Professions Code §17200 Unfair Business Practices.

In compliance with 28 U.S.C. § 1446(a), attached hereto as Exhibits A through C are the true and correct copies of all attempted process and pleadings served upon defendant Klein in the state court action Case No. 37-2015-00041552-CU-BTCTL. Plaintiff's Complaint alleges violations of several federal statutes, thus providing this Court with jurisdiction under 28 U.S.C. § 1331. The United States District Court for the Southern District of California has jurisdiction over this action under 28 U.S.C. § 1331, and this action is removable under 28 U.S.C. 1441(c)(1)(A) in that this is a civil action involving claims brought under federal statutes. Venue is proper in this division, under 28 U.S.C. § 1446(a), because this division embraces the County of San Diego, the County wherein the state court action is currently pending. Written notice of the filing of this Notice will be promptly served on Plaintiff and all other Defendants, and a copy will be filed promptly with the Superior Court of the State of California for the County of San Diego, pursuant to 28 U.S.C. § 1446(d).

## II. FEDERAL QUESTION JURISDICTION EXISTS

Federal question jurisdiction exists under 28 U.S.C. 1441(c)(1)(A) in that Plaintiff is

claiming violations of 18 U.S.C. § 1964(c) and 47 U.S.C. § 227. These are questions arising under the laws of the United States, which are wholly apparent from the face of Plaintiff's Complaint.

Specifically, the second cause of action in Plaintiff's Complaint is brought under 18 U.S.C. § 1964(c) and concerns allegations of racketeering, in which Congress enacted the Racketeer Influenced and Corrupt Organizations statute (RICO). Plaintiff's Complaint alleges that "Defendants…have engaged in predicate acts of wire fraud and money laundering which supports the claim of violation of 18 U.S.C. § 1962(d) and (c), conspiracy to conduct racketeering affairs through a pattern of racketeering activity." (Exhibit A, Plaintiff's Complaint, ¶ 46).

The third cause of action in Plaintiff's Complaint asserts a violation of 47 U.S.C. § 227 which prohibits "calling any number on the national Do Not Call list." (Exhibit A, Plaintiff's Complaint, ¶ 57). Plaintiff claims that the Defendants "violated the automated-call requirements under 47 U.S.C. § 227(b)(3) and willfully and knowingly violated the do-not-call-list requirements under 47 U.S.C. § 227(c)(5)." (Exhibit A, Plaintiff's Complaint, ¶ 65).

### III. SUPPLEMENTAL JURISDICTION EXISTS

Supplemental jurisdiction exists as to the remainder of Plaintiff's claims pursuant to 28 U.S.C. § 1337(a). Plaintiff's remaining claims under state law arise out of the same case or controversy as the Federal claims, thus giving this Court supplemental jurisdiction.

### IV. ALL DEFENDANTS HAVE CONSENTED TO REMOVAL

Generally, all defendants in the state action must join in the notice of removal. *Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F3d 699, 703. Accordingly, the only other Defendant, K2, has joined in removal of this action to federal court. See Exhibit D.

### V. CONCLUSION

Because this action involves federal question jurisdiction, and the requirements of supplemental jurisdiction are satisfied, the requirements for removal are satisfied and this Court has

jurisdiction. This Notice and all Exhibits attached hereto are signed pursuant and subject to the certification requirements of Rule 11 of the Federal Rules of Civil Procedure. Base on the foregoing, further proceedings in Case No. 37-2015-00041552-CU-BT-CTL in the Superior Court of the State of California for the County of San Diego must be discontinued, and this action shall be removed to the United States District Court for the Southern District of California.

Dated: March 8, 2016                     David R. Socher Attorney at Law, PC


By: _____/s/ David R. Socher_____
    David R. Socher
    Attorney for Defendant Daniel Klein