Exhibit A

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/15/2015** at 02:18:40 PM

Clerk of the Superior Court
By Lila Behr, Deputy Clerk

Anton Ewing
3077 Clairemont Drive #372
San Diego, CA 92117
619-719-9640
anton@antonewing.com

Plaintiff In Pro Per

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

ANTON EWING,

Plaintiff,

vs.

K2 PROPERTY DEVELOPMENT,
LLC, a California Limited Liability
Company, dba CONSERVA SOLAR,
CONSERVA SOLAR, an unknown
company
DANIEL KLEIN, an individual,
DOES 1-100,
ABC CORPORATIONS 1-100,
XYZ, LLC's 1-100.

Defendants

Civil Case No. 37-2015-00041552-CU-BT-CTL

**COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S INVASION OF PRIVACY ACT, CAL. PENAL CODE SECTION 630, *ET SEQ.;* 18 U.S.C. §1964(c) RICO; 47U.S.C.§227 TCPA – ROBO SPAM CALLER, FRAUD; TRESPASS TO CHATTELS; CALLER ID SPOOFING; B&P §17200 – UNFAIR BUSINESS PRACTICES ACT**

**Judge:**

DEMAND FOR JURY TRIAL

Plaintiff Anton Ewing ("Plaintiff"), on behalf of himself (in propria

persona), alleges as follows against defendants K2 PROPERTY

DEVELOPMENT, LLC, a California Limited Liability Company dba

CONSERVA SOLAR (herein "K2"), CONSERVA SOLAR, an unknown business,

1 | Anton Ewing
3077 Clairemont Drive #372
2 | San Diego, CA 92117
619-719-9640
3 | anton@antonewing.com

4

Plaintiff In Pro Per
5

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**12/15/2015** at 02:18:40 PM
Clerk of the Superior Court
By Lila Behr, Deputy Clerk

6

7 | **SUPERIOR COURT OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**
8

9 | ANTON EWING,

10 | Plaintiff,

11 | vs.

12 | K2 PROPERTY DEVELOPMENT,
13 | LLC, a California Limited Liability
Company, dba CONSERVA SOLAR,
14 | CONSERVA SOLAR, an unknown
company
15 | DANIEL KLEIN, an individual,
16 | DOES 1-100,
ABC CORPORATIONS 1-100,
17 | XYZ, LLC's 1-100.

18 | Defendants

19

20

21

Civil Case No. 37-2015-00041552-CU-BT-CTL

**COMPLAINT FOR VIOLATIONS
OF CALIFORNIA'S INVASION OF
PRIVACY ACT, CAL. PENAL
CODE SECTION 630, *ET SEQ.;*
18 U.S.C. §1964(c) RICO;
47U.S.C.§227 TCPA – ROBO SPAM
CALLER,
FRAUD;
TRESPASS TO CHATTELS;
CALLER ID SPOOFING;
B&P §17200 – UNFAIR BUSINESS
PRACTICES ACT**

**Judge:**

DEMAND FOR JURY TRIAL

22 | Plaintiff Anton Ewing ("Plaintiff"), on behalf of himself (in propria

23 | persona), alleges as follows against defendants K2 PROPERTY

24 | DEVELOPMENT, LLC, a California Limited Liability Company dba

25 | CONSERVA SOLAR (herein "K2"), CONSERVA SOLAR, an unknown business,

and DANIEL KLEIN, an individual, (herein "KLEIN") and (Collectively herein "CONSERVA SOLAR RACKETEER"), DOES 1-100, ABC CORPORATIONS 1-100, and XYZ, LLC's 1-100.

Plaintiff has never had any prior business relationship with any of the Defendants. Plaintiff's cellular telephone number 619-719-9640 is a private personal cellular telephone number.

### JURISDICTION TO HEAR THIS COMPLAINT IN STATE COURT

Plaintiff Anton Ewing (herein "EWING") brings this action for multiple violations of California's Privacy Act and California Penal §630, et seq. by Defendants as hereinafter described. The causes of action are, in large part, state law violations regarding illegal recording, unfair business practices, fraud, and robo-dialing. In addition, Defendants have violated 48 U.S. C. §227.

### Standard Applicable to a Preliminary Injunction

To demonstrate his entitlement to a preliminary injunction, Plaintiff Ewing must show (a) that he will suffer irreparable harm and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiffs' favor.

This Court has personal and subject matter jurisdiction and venue over state law claims and may hear pendant federal law violations.

The Court is requested to enter an order for preliminary injunction to prohibit Defendants from calling or spamming Plaintiff and to prohibit Defendants from selling his personal confidential information to third parties.

## FICTITIOUS DEFENDANTS

Does 1-100, ABC Corporations 1-100 and XYZ, LLC's 1-100, are each sued fictitiously because their true names are currently unknown but leave to amend is hereby reserved and amendment will be made to properly name said defendants as soon as discovery allows therefor.

## GENERAL ALLEGATIONS & CORPORATE BACKGROUND

1.     Plaintiff Anton Ewing is a U.S. citizen and a resident of the City of San Diego, County of San Diego, State of California.

2.     Defendant K2 Property Development, LLC, is a limited liability company formed by the Secretary of State of California on or about June 12, 2015. See Exhibit "A"   K2 purposefully directed its activities into California and has availed itself of the benefits and protections of California law.  K2 has its main business office and registered agent for service of process on Daniel Klein in Irvine, California. This action arises out of Defendants' violations of California's Invasion of Privacy Act, Cal. Penal Code §630, *et seq.* ("CIPA"), which prohibits the recording of confidential communications without the consent of all parties to the conversation as well as violations of Racketeering Influence and Corrupt

Organizations Act, 18 U.S.C. §1964 and the Telephone Consumer Protection Act, 47 U.S.C. §227. Additionally, as a pendant claim, Defendants have violated California Public Utility Code section 2873 by using an automated dialer and automated answering device to call Plaintiff.

3. During the period relevant herein and continuing presently, Defendant K2 was and continues to be the alter ego of Defendant Daniel Klein.

4. On or about November 17, 2015 and again multiple times on December 2, 2015, Defendant K2, or one of its employees, agents or contractors at its direction and control, called Plaintiff from its phone on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings. A personal cellular phone is not even required to be listed on the National Do Not Call list in order to receive protection from spam telemarketers.

5. During the period relevant herein, CONSERVA SOLAR RACKETEER Defendants were a provider of information technology and centralized operational and back-end support services to the CONSERVA SOLAR RACKETEERS, and all of its subsidiaries. As such, the CONSERVA SOLAR RACKETEERS, provided the infrastructure for dialing and recording the calls at issue in this litigation. The CONSERVA SOLAR RACKETEERS use automated

1  telephone dialing systems and recording devices at the direction of the

2  CONSERVA SOLAR RACKETEERS, and its relevant subsidiaries. The

3  CONSERVA SOLAR RACKETEERS also managed the call centers and

4  telephony architecture and telephone recordings for the enterprise, and its

5

6  subsidiaries, including Defendant K2. The CONSERVA SOLAR RACKETEERS

7  continue to manage call centers and recordings on behalf of the racketeering

8  enterprise business. Defendant K2 is technologically sophisticated and Defendant

9  K2 employs this high level of knowledge and know-how to run its criminal

10

11  syndicate.

12        6.    Moreover, the CONSERVA SOLAR RACKETEERS continue to

13  monitor and record telephone calls to California residents, including Plaintiff.

14        7.    During the relevant period herein, thousands of telephone calls with

15

16  individuals in California were recorded by the CONSERVA SOLAR

17  RACKETEERS's telephone systems at the direction of each of the other

18  Defendants. Additionally, Defendant K2, on behalf of itself and the enterprise,

19

20  engaged in express threats directed at Plaintiff.  Said K2 threats were violent and

21  caused Plaintiff fear of his safety.

22  **JURISDICTION**

23

24        8.    Jurisdiction is proper in the Superior Court because Plaintiff is

25  resident of San Diego, California.

COMPLAINT - 5

## VENUE

9.     Venue is proper in San Diego County because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in San Diego County. Each of the Defendants has sufficient minimum contacts with San Diego County and the State of California, and otherwise purposely avail themselves of the markets in this state.

## PARTIES

10.     Plaintiff ANTON A. EWING is a resident of San Diego County, California whose confidential telephone communications were unlawfully recorded by the CONSERVA SOLAR RACKETEER Defendants during the period relevant herein. Plaintiff EWING had placed his telephone number for his cellular phone on the Do Not Call registry in 2012. On or about December 2, 2015 Plaintiff EWING was knowingly and intentionally called by the CONSERVA SOLAR RACKETEER Defendants based on a telephone list obtained by the CONSERVA SOLAR RACKETEERS.

### Defendants

11.     Defendant K2 is located on 3395 Michelson, #2511, Irvine, CA 92612.

12.     Plaintiff is informed and believes, and therefore alleges, that Defendant CONSERVA SOLAR RACKETEERS owned the call centers that were

COMPLAINT - 6

used to make the non-consensual recordings of confidential communications that are at the core of this matter. CONSERVA SOLAR RACKETEERS also supervised and conducted the internal affairs and daily business operations of Defendant K2 in such a way as to treat all of its subsidiaries, including the CONSERVA SOLAR RACKETEERS as their alter ego, by engaging in conduct, acts or omissions including controlling CONSERVA SOLAR RACKETEERS to such a degree as to render CONSERVA SOLAR RACKETEERS a mere instrumentality of Defendant K2. Defendant K2, its agents and employees and CONSERVA SOLAR RACKETEERS constitute a racketeering enterprise. Said enterprise used and employed the wires of the United State of America to engage in fraudulent and criminal activity by calling to Plaintiff's California cellular telephone as well as using the spoof caller ID. Using a false or fraudulent caller ID is a federal crime. These calls crossed state lines and thus constitute the predicate act of wire fraud in that Defendants used the telephone infrastructure of the United States to commit their interstate criminal activities that were continuous and ongoing for several years. Defendant K2 is in the business of illegally selling lists of names of persons on the National Do Not Call list so that those persons get and receive calls from spammers and telemarketers. Defendant K2 knows that all of the calls made are recorded without permission or proper disclosure of the recording.

COMPLAINT - 7

13.    Plaintiff is informed and believes, and therefore alleges, that defendant CONSERVA SOLAR RACKETEERS' comprehensive right to control is sufficient to meet the agency standard under California law.

14.    During the relevant period described herein, Defendants each aided and abetted, encouraged and rendered substantial assistance to each other in furthering the CIPA and RICO violations. In addition to acting on their own behalf individually, Defendants, each of them, are and were acting as the agent, alter ego, servant, employee, joint venturer, and representative of, and with the knowledge, consent and permission of, and in concert with the other defendants. The actions of the defendants as described in this complaint all fall within the course, scope, and authority of the agency, service, and employment relationships that exist between the defendants, and as such, create joint ventures between all of the defendants to the extent that binding legal relationships do not already exist. The actions and representations of Defendants constitute a conspiracy on the part of Defendants for the purpose of such actions and representations made to the Plaintiff of this cause of action.  The CONSERVA SOLAR RACKETEERS illegally and unlawfully engaged in the conduct of an enterprise through a pattern of racketeering activity.   The racketeering activity included extortionate threats against Ewing by Klein. Klein stated that he would call the FBI on Ewing if Ewing did not give up his right to sue Klein for illegal telemarketing. Klein also

COMPLAINT - 8

threatened to expose Ewing to disgrace and cause Ewing public oblique if Ewing did not give up Ewing's right to sue Klein for illegal telemarketing. Klein has also engaged in the racketeering activity of money laundering of his criminal profits from his illegal telemarketing operation and Klein has engaged in and committed wire fraud by using the wires of the United States to perpetrate and further his criminal operation of illegal telemarketing. Said conduct occurred over an extended period of time so as to form a pattern. The enterprise consisted of Defendants K2, CONSERVA SOLAR, and Klein and each fictitiously named defendant. The enterprise was controlled, operated, directed and managed by Daniel Klein and other persons that are yet to be determined and remain unknown as of the time of filing this Complaint. The racketeering activity consisted of the making of threats, extortion, wire fraud, mail fraud, and violations of California criminal laws, including illegal recording of Plaintiff's calls. Each of the above stated acts by Defendant K2 (who called Plaintiff multiple times) and co-conspirators Defendant Klein, constitute racketeering activity indictable pursuant to 18 USC §1962, et seq. The making of a threat by Defendant K2 against Plaintiff EWING telephonically by Defendant K2 constitute, *inter alia*, the extortion and stalking required under RICO's indictable offenses. Further, Defendant K2's use of telephones to engage in threats and harassment constitutes the illegal use of the

1  wires of the United States sufficient to constitute wire fraud. Defendant K2 is no
2  doubt engaging in organized crime.

3      Wire Fraud under 18 USC §1343 is when Defendant K2, having devised or
4
5  intending to devise any scheme or artifice to defraud, or for obtaining money or
6  property by means of false or fraudulent pretenses, representations, or promises,
7  transmitted or caused to be transmitted by means of wire, radio, or television
8  communication in interstate or foreign commerce, any writings, signs, signals,
9
10 pictures, or sounds for the purpose of executing such scheme or artifice. In this
11 case Defendant K2 called, texted and emailed Plaintiff personally and caused
12 Plaintiff to be called and recorded in violation of California's criminal law.
13 Defendant K2's call constituted a scheme and artifice to defraud Plaintiff and to
14
15 obtain money and property from Plaintiff. Defendant K2 attempted to get Plaintiff
16 to send them money. The call, and Defendant K2's emails and texts, were
17 transmitted by means of wires in interstate commerce through the telephone and
18 internet lines of the United States. Defendant K2's calls and emails also
19
20 constituted threats and extortion using the wires and internet of the United States.
21 Defendant K2 made two or more calls and sent two or more emails to Plaintiff to
22 engage in wire fraud, extortion and threats. For purposes of the particularity
23 requirement, Defendant K2 called from 747-477-3548.  CONSERVA SOLAR
24
25

RACKETEERS are clearly the type of racketeer that Congress intended to stop when it passed the RICO law some 40 years ago.

K2 called via an employee named Anushe on December 2, 2015. K2 or its racketeering co-conspirators called several times before this date. Ewing told Defendants to stop calling. Defendants refused to obey this demand and kept calling over and over.

This is not Defendant K2's first rodeo. Defendant K2 personnel admitted that they use "Echo" as an autodialing system that responds to people with a robotic voice. This is clear wire fraud by Defendant K2.

## FACTUAL ALLEGATIONS REGARDING CONFIDENTIAL
## TELEPHONIC COMMUNICATIONS WITH PLAINTIFF

15.     On or about November 17 and December 2, 2015, plaintiff EWING was called by CONSERVA SOLAR RACKETEER Defendants. CONSERVA SOLAR RACKETEER Defendants engaged plaintiff EWING in confidential telephone communications. To the best of plaintiff EWING's recollection, he spoke to CONSERVA SOLAR RACKETEER Defendants' personnel several times in addition to being called by the K2 and/or CONSERVA SOLAR robotic Echo system. On any of the occasions when he spoke telephonically with CONSERVA SOLAR RACKETEER Defendants' personnel, Plaintiff EWING was not advised at the outset of the calls that the calls might be recorded by

1  CONSERVA SOLAR RACKETEERS Defendants. In light of the sensitive nature

2  of the personal and confidential information being discussed during the telephone

3  calls, Plaintiff EWING had an objectively reasonable expectation of privacy – in

4  that he reasonably expected that the conversations were not being overheard,

5

6  monitored and/or recorded. Defendant K2 refused to provide Plaintiff with a

7  written copy of its do not call policy and refused to take Plaintiff's name and

8  number off the telemarketing list. Plaintiff was called multiple other times by K2

9

10  employees or agents on a spoofed telephone number from area code 747.

## DEFENDANTS' IMPROPER AND ILLEGAL

11

12  ## RECORDING POLICIES AND PRACTICES

13      16.    Defendants' policies and practices, during the period relevant herein

14

15  and continuing to the present, were to record confidential telephonic

16  communications with California individuals, without advising them at the outset of

17  each telephone call that it is being recorded, in violation of California Penal Code

18  §630, *et seq.*

19

20      17.    The CONSERVA SOLAR RACKETEER Defendants did not obtain

21  consent to record any of the telephone conversations prior to the time they

22  recorded the calls.

23

24      18.    CONSERVA SOLAR RACKETEERS designed and implemented an

25  extensive call center system for the thousands of consumer transactions serviced by

its various affiliates and subsidiaries. During the times relevant to the CIPA claims made herein, the system included 3 domestic and international call centers from which customer calls are placed and received on behalf of CONSERVA SOLAR RACKETEERS business units.

19.     CONSERVA SOLAR RACKETEERS operate, implement and manage the architecture and infrastructure necessary to meet the call recording strategies set by CONSERVA SOLAR RACKETEERS Defendants. At the direction of the relevant business unit subsidiary of CONSERVA SOLAR RACKETEERS, CONSERVA SOLAR RACKETEERS's infrastructure dialed telephone numbers to California individuals and recorded the telephone calls. The volume of calls was extraordinary. At each call center, defendant CONSERVA SOLAR RACKETEERS used databases and servers to store and retrieve the recordings.

20.     CONSERVA SOLAR RACKETEERS continue to maintain call centers and oversee recordings in connection with CONSERVA SOLAR RACKETEERS's line of business. Plaintiff will seek, demand and argue for punitive damages at trial herein to send a message to Defendants and others similarly situated that violation of California's criminal and federal stalking, terrorism and harassment laws are not allowed.

21.     The central automated telephone dialing system ("ATDS") was, and

COMPLAINT - 13

currently continues to be, used by Defendants to initiate up to two thousand calls a day. The ATDS is used by all the subsidiaries of CONSERVA SOLAR RACKETEERS. Approximately 10% or 1,000 of these calls were made to California consumers. Defendants' policy and practice was to set the ATDS to call the consumer's home, business, and cellular telephones up to five times a day. Depending on the instructions given by each business unit, 15%-20% of all of the telephone calls (at times up to 100% of the calls in certain businesses) were set to record by CONSERVA SOLAR RACKETEERS and recorded, using a centralized call recording hardware and software. Recording began when the customer was connected with a call center agent.

22.    Defendants together strategically managed the ATDS to maximize resources, i.e., by employing a consistent process across the businesses for determining how and when calls would be made through the ATDS and scoring or rating the calls for advance treatment through the ATDS.

23.    CONSERVA SOLAR RACKETEERS's businesses directly loaded customer information onto CONSERVA SOLAR RACKETEERS's "mainframe" or "back-end" computer system, which includes the ATDS. During the day, accounts would be loaded into dialer tables, and the tables would then be run through the dialer. Once the ATDS would initiate the call, and a customer would answer, CONSERVA SOLAR RACKETEERS's "automated call distributor"

would then route the call to an available agent. Defendants called Plaintiff EWING at 619-719-9640, his personal cellular telephone. Plaintiff EWING was physically present in California during each and every illegally recorded telephone conversation alleged herein. At the same time the call was routed, the agent received the customer's information on a computer screen. If a recording of the telephone communications was going to be made by the recording system, the recording would begin when the CONSERVA SOLAR RACKETEER Defendants' agent picked up the call. The agents do not have the ability to stop or start call recording. The agents do not know which calls are being recorded. Anushe, an employee of CONSERVA SOLAR RACKETEERS stated that all calls are recorded over half way into the call and there is no warning or disclosure of such recording to the consumer at the beginning of the call.

24.    With respect to whether the telephone agents themselves provide the call recipients with a verbal advisement that the call may be recorded, Defendants admit to a policy whereby the  agents *do not provide any advisement* to customers that the calls are being recorded. Anushe stated that it was not in the agent's script.

25.    For calls related to the CONSERVA SOLAR RACKETEERS business, Defendants are required, pursuant to California Penal Code §630 et seq., to give a verbal advisory that the call is being recorded before speaking to a customer. The CONSERVA SOLAR RACKETEERS Defendants have previously

1   admitted that based on an evaluation of a sample set of recordings, a verbal

2   advisory was not given.

3

4       26.    CIPA prohibits the recording of communications without first

5   obtaining the consent of all parties to the conversation. Cal. Penal Code §632.

6   PC Section 632.7 does not require that a communication be confidential in order to

7   be provided protection from interception or recording. The text of the section

8   notably contains no reference to "confidential communications;" moreover, more

9

10   than just confidential communications are protected. ALL communications that are

11   recorded without the consent of both parties to the communication are protected.

12       The right protected by Section 632 is not against the betrayal of a

13   party's

14

15   confidence by the other party. Rather, Section 632 protects against simultaneous

16   dissemination to an unannounced second auditor without the party's consent. Any

17   communication, regardless of the intimacy of the facts discussed, that is recorded

18   devoid of notice of recordation, is a violation of California law.

19

20       27.    Under California law, the term "confidential communication" includes

21   any communication carried on in circumstances that may reasonably indicate that

22   any party to the communication desires it to be confined to the parties thereto. Cal.

23   Pen. Code §632(c). In other words, a communication is confidential "if a party to

24

25

1  that conversation has an objectively reasonable expectation that the conversation is
2  not being overheard."

3  28.    In light of the sensitive nature of the personal financial and related
4  information being discussed in the calls with Defendants, Plaintiff had an
5
6  objectively reasonable expectation of privacy – in that EWING reasonably
7  expected that the conversations were not being overheard, monitored and/or
8  recorded.

9  29.    The absence of any such advisement would lead a California
10
11  consumer to reasonably anticipate that his/her telephone call was not being
12  recorded. In November 2011, the California Court of Appeal in *Kight v. CashCall,*
13  *Inc.*, 200 Cal. App. 4th 1377, 1385 (2011), held that an automated advisory that the
14
15  call "may be monitored and recorded for quality assurance" does not constitute
16  adequate notice to the call recipient.

17  30.    In violation of the CIPA, Defendants recorded Plaintiff's telephone
18  calls without EWING's express consent.
19
20  31.    Defendants have engaged in a pattern and practice of recording a
21  substantial percentage of the telephonic communications with individuals located
22  in California.

23  32.    Defendants intentionally, and without the consent of all parties, by
24
25

COMPLAINT - 17

means of an electronic recording device, recorded confidential telephonic communications with Plaintiff EWING.

33.   The complaint here is timely filed.  The applicable statute of limitations for violations of the CIPA is one year (Cal. Civ. Proc. Code §340(a).

34.   This Complaint is thus timely filed and Defendants have been on timely notice.

## CAUSES OF ACTION

**(For Statutory Damages and Injunctive Relief for Violations of Cal. Penal Code Sections 632 and 637.2(a)-(b))**

35.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.   At all times relevant herein, Defendants routinely communicated by telephone with Plaintiff in connection with attempts to sell products of Defendants.

37.   At all times relevant herein, Defendants made use of a software system that enabled them to secretly record confidential telephone conversations between Plaintiff on the one hand, and Defendants on the other hand.

38.   In each of his conversations with Defendants, Plaintiff discussed his confidential personal financial circumstances and affairs, on each account. It was reasonable for the Plaintiff to expect that the conversations would be confined to

the parties to the conversation, and that his conversations were not being overheard or recorded.

39. Each of the conversations between Defendants and EWING was a "confidential communication" within the meaning of California Penal Code section 632(c).

40. California Penal Code section 632 prohibits a party from recording such conversations without first informing all parties to the conversation that the conversation is being recorded. Defendants' confidential telephone communications with Plaintiff were secretly and surreptitiously recorded by Defendants without obtaining consent to record such conversations.

41. Defendants' practice of recording telephone conversations with Plaintiff violated California Penal Code section 632(a).

42. Pursuant to California Penal Code §637.2(a)(1), Plaintiff is entitled to recover statutory damages in the amount of $5,000 per violation. Plaintiffs' counsel is also entitled to attorneys' fees and costs pursuant to Cal. Civ. Proc. Code §1021.5. Plaintiff consulted with several California licensed attorneys and paid for said legal advice to enable him to bring this suit.

43. Pursuant to California Penal Code §637.2(b), Plaintiff also seeks a preliminary and permanent injunction to restrain Defendants from committing

1  further violations of CIPA and to prohibit and prevent Defendants from making

2  future death threats to Plaintiff and his family.

3      44.    Pursuant to California Penal Code §637, Defendants have willfully

4

5  disclosed the contents of Plaintiff's telephonic communications to a third party

6  without EWING's consent.

7  <div align="center">**RICO CONSPIRACY 18 U.S.C. §1964(c)**</div>

8      45.    Plaintiff incorporates by reference all of the above paragraphs of this

9

10  Complaint as though fully stated herein.

11      46.    Defendants, and each of them, have engaged in the predicate acts of

12  wire fraud and money laundering which supports the claim of violation of 18

13  U.S.C. §1962(d) and (c), conspiracy to conduct racketeering affairs through a

14

15  pattern of racketeering activity.    Additionally, Defendants have made express and

16  intentional threats directly at Plaintiff that were within the course and scope of the

17  racketeering enterprise's operations. The enterprise is the combination of the

18

19  entities named herein as defendants. Specifically, the CONSERVA SOLAR

20  RACKETEERS is the enterprise. The period of the conspiracy has lasted from at

21  least December 2012 forward to present day. Upon information and belief, the

22  conspiracy began in 2015 when Defendant Daniel Klein created CONSERVA

23

24  SOLAR RACKETEERS. There are two or more acts that form the basis of

25  racketeering engaged in by Defendants by using the wires of the United States to

<div align="center">COMPLAINT - 20</div>

illegally record Plaintiff's telephonic conversations and laundering over $10,000 of the proceeds of the wire fraud through financial institutions. Defendants engaged in the fraudulent use of the wires to threaten and extort Plaintiff into handing over money or property to Defendants. Defendants are also engaging in voluminous spam calling in direct violation of 47 U.S.C. §227 to solicit confidential information over the wires of the United States. Defendant K2 is associated with and a member of the enterprise as alleged and described above by Plaintiff. Defendant K2 knowingly committed at least two of the predicate acts herein described. The predicate acts formed a pattern of racketeering activity by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events. The predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future and through the commission of the two or more connected predicate acts, the Defendants conducted or participated in the conduct of the affairs of the enterprise. The enterprise was engaged in, or its activities affected, interstate commerce. The use of the wires and the laundering of money through financial institutions affects interstate commerce. Additionally, the making of express and intentional death threats through the use of the United States wires affects interstate commerce.

47.　Plaintiff has been injured in his business and property as a direct and proximate cause of Defendants willful violations of California law as described above, which is the pattern of racketeering activity. Plaintiff business has suffered a significant economic downturn as a direct and proximate cause of CONSERVA SOLAR' racketeering activities as described herein. Plaintiff has lost money and revenues that could have been earned but for CONSERVA SOLAR racketeering activity. Defendants did not act by mistake or accident but rather acted voluntarily and knowingly all while conspiring to defraud Plaintiff of his privacy, money, business and property. Each and every fraudulent telephone conversation that forms the basis of this cause of action constituted an illegal use of the wires in violation of 18 U.S.C §1343.

48.　Plaintiff demands threefold damages as well as statutorily imposed attorney fees as a result of Defendant's racketeering activities described above. Plaintiff has had to consult with a licensed attorney at law to prosecute this action and those attorney fees are requested to be paid or reimbursed.

49.　Defendant's actions did not result in nor were caused by the purchase of or sale of securities.

50.　Defendant's use of the wires (18 U.S.C. 1343) within the United States went across state lines and thus constitutes the interstate commerce of the racketeering enterprise of Defendants.

51. Defendants committed two or more acts of racketeering activity within the ten years prior to filing this cause of action.

52. In addition, Defendant's pattern of racketeering activities is the constant and multiple recording of thousands of telephone calls illegally over an extended period of time as described above as well as a knowing and intentional violation of the Do Not Call registry. Moreover, Defendant K2's extortionate threats constitute the pattern of racketeering activities.

53. Each Defendant named herein engaged, directly or indirectly, in the pattern of racketeering affairs and activities described above. Defendant K2's overt and express threats to Plaintiff over the telephone also constitute predicate acts for purposes of racketeering activity.

54. Defendants laundered their profits, revenues, expenses and income from their racketeering activities as defined by 18 U.S.C. 1961(1), through US financial institutions in violation of 18 U.S.C. §§1956 and 1957. Defendant K2 has earned, illegally, over $10,000 in this racketeering enterprise operation and Defendant K2 has laundered those said funds through financial institutions in the United States.

55. The Defendants specified unlawful activity for purposes of 18 U.S.C. §1956(c )(7), is 18 U.S.C. §1343 as defined in 18 U.S.C. §1961(1). Further, the CONSERVA SOLAR RACKETEERS is not registered with the California

1  Secretary of State and has knowingly failed to file and pay California Franchise,

2  income and gross receipts tax on the profits that it has earned, obtained and

3  received from its illegal activity herein stated above. The CONSERVA SOLAR

4  RACKETEERS's tax fraud constitutes an additional predicate act in violation of

5

6  RICO.

7  ## VIOLATION OF 47 U.S.C. §227 DO NOT CALL REGISTRY

8  56.    Plaintiff incorporates by reference all of the above paragraphs of this

9  Complaint as though fully stated herein.

10

11  57.    47 C.F.R. 64.1200(c)(2) prohibits calling any number on the national

12  Do Not Call Registry. 47 C.F.R. 64.1200(a)(1)(iii) states that no person or entity

13  may initiate any commercial purpose telephone call to any cellular telephone that

14  is already on the national do-not-call registry. Plaintiff and Defendants do not and

15

16  did not ever have any pre-existing or established business relationship at any time.

17  Defendants are not a tax-exempt nonprofit organization or a political organization.

18  58.    Defendants do not have a do not call database. Defendants refused to

19  identify themselves upon request by Plaintiff. Defendants refused to put Plaintiff

20

21  on their do not call list. Defendants used and employed an automated dialer to call

22  Plaintiff.

23  59.    Defendants do not have a do not call policy that is written.

24

25

60.   Defendants refused to provide Plaintiff with a written copy of any do not call policy.

61.   Defendants do not scrub their call lists against the national do not call list or registry.

62.   Defendants do not have any personal relationship with Plaintiff.

63.   Defendants refused to provide the full name of the caller on the telephone who initiated the call.

64.   Defendants refused to provide a telephone number or address at which the Defendants could be contacted.

65.   Defendants knowingly and willfully violated the automated-call requirements under 47 U.S.C. §227(b)(3) and willfully and knowingly violated the do-not-call-list requirements under 47 U.S.C. §227(c )(5). *Charvat v. NMP, LLC* (2001, CA6 Ohio) 656 F.3d 440 holds that Plaintiff may recover both $1500 statutory damages awards even if both violations occurred in the same telephone call.

66.   Defendants engaged in unsolicited advertising through the use of wires in the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as follows:

A. For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2); $500 plus threefold damages for intentional violation of the Do Not Call registry for each and every call, failure to maintain an do not call list, and failure to provide a written copy of do not call policy.

B. For punitive damages in an amount to be determined with exactness at trial herein;

C. For threefold damages pursuant to 18 U.S.C. §1964(c);

D. For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

E. For the payment of reasonable attorneys' fees and costs of suit incurred herein under all applicable statutes and rules including under Cal. Civ. Proc. Code §1021.5 and 18 U.S.C. §1964;

F. For pre- and post-judgment interest at the legal rate; and

G. For any other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and demands a trial by jury for all claims so triable.

Dated this 10th day of December, 2015

/s/ *Anton A. Ewing*
Anton A. Ewing,
Plaintiff in pro per

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

COMPLAINT - 27

# DECLARATION IN SUPPORT OF COMPLAINT

I, ANTON EWING, hereby depose, declare and state the following as true and correct under penalty of perjury under the laws of the State of California:

1.  I was called multiple times by Defendants herein and said calls were recorded without my knowledge or consent on December 2, 2015 and at other times.

2.  My cellular telephone was registered with the national Do Not Call list more than 31 days prior to any and all calls made to said cell phone.

3.  Defendant Klein threatened to harm me and placed me in fear of my safety.

I am competent to testify to the above stated factual assertions.

Dated this 10th day of December, 2015

/s/ *Anton A. Ewing*
Anton A. Ewing
Plaintiff in pro per

COMPLAINT - 28

# EXHIBITS

12/3/2015                            Business Search - Business Entities - Business Programs

# California Secretary of State Alex Padilla

Secretary of State Main Website      **Business Programs**   Notary & Authentications    Elections    Campaign & Lobbying

**Business Entities (BE)**

Online Services
- E-File Statements of
  Information for
  Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information
(annual/biennial reports)

Filing Tips

Information Requests
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, December 01, 2015. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| Entity Name: | K2 PROPERTY DEVELOPMENT, LLC |
|---|---|
| Entity Number: | 201516810317 |
| Date Filed: | 06/12/2015 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 3395 MICHELSON #2511 |
| Entity City, State, Zip: | IRVINE CA 92612 |
| Agent for Service of Process: | DANIEL KLEIN |
| Agent Address: | 3395 MICHELSON #2511 |
| Agent City, State, Zip: | IRVINE CA 92612 |

* Indicates the information is not contained in the California Secretary of State's database.

* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

Privacy Statement | Free Document Readers
Copyright © 2015   California Secretary of State

Exhibit A

# Individual License Details

The license status information shown below represents information taken from the California Department of Insurance (CDI) licensing database at the time of your inquiry. This information may not always be current. For example, items sent to the CDI may be pending review or simply may not have yet been entered into our licensing database. For instance, continuing education hours quoted may not reflect courses taken in the last 45 days. This database will reflect concluded disciplinary actions against licensees. Complaints and ongoing investigations are confidential and, therefore, not available.

Sections 12938 and 12968 of the California Insurance Code, in part, require the CDI to make all fully executed stipulations, orders, decisions, and settlements available to the public on its Web site. You can search for key documents regarding any enforcement action the department has filed against this licensee on the Enforcement Action Documents Search Page. Please note Enforcement Action Documents (i.e. legal pleadings and orders generated during the enforcement action) are available on this Web site only for enforcement actions taken on or after July 1, 2001. If an enforcement action was taken prior to July 1, 2001, this Web site will only provide a summary description of the enforcement action. Documents relating to actions taken prior to July 1, 2001 may be obtained by submitting a written request to the CDI.

Glossary of Terms

Name: KLEIN DANIEL MICHAEL                                       License#: 0D04963

DBA: DANIEL KLEIN INSURANCE SERVICES

Resident Insurance Producer

| License type: Casualty Broker-Agent | Status: Inactive | Status Date: 08/31/2002 | Expiration Date: 08/31/2002 |
| --- | --- | --- | --- |

Resident Insurance Producer

| License type: Property Broker-Agent | Status: Inactive | Status Date: 08/31/2002 | Expiration Date: 08/31/2002 |
| --- | --- | --- | --- |

Business Address: 4622 W. FIRST STREET #A SANTA ANA, CA 92703

Records 1 to 5

Continuing Education      Certification Letters

If you have any questions about the license information you retrieved, please see the most commonly asked questions in our License Questions and Answers section. If you need further assistance, please call CDI's Producer License Bureau at (800) 967-9331 or (916) 322-3555, or send an e-mail to Producer Licensing Bureau Please be sure to include your name, license number, e-mail address and telephone

12/4/2015 California Department of Business Oversight

CA.gov | Contact Us | Open Government | Protecting Privacy

**BUSINESS OVERSIGHT**

Search
This site    California

About   Consumers   Licensees   Laws/Regulations   Publications/Forms   News/Media Resources

Home | Financial Services Division | Licensees

## Search for a Financial Services or Mortgage Lending Company Licensed in California

This search includes records for the following types of companies licensed to operate in California:

Mortgage bankers and servicers (licensed under the Residential Mortgage Lending Act)

Payday Lenders (licensed under the Deferred Deposit Transaction Law)

Consumer and commercial finance lenders and brokers

Escrow agents and companies

Check sellers, bill payers and providers

**PLEASE NOTE:**
Licenses for Mortgage Loan Originators (MLOs), individuals who service mortgage loans, must be checked through NMLS Consumer Access website, where you may also find information about any regulatory actions against a Mortgage Loan Originator.

The search will show you if a company is licensed to operate in California. To see if a company has any legal enforcement actions against it, please check the Enforcement Actions and Orders page.

**Last updated November 23, 2015**

Your search for ( 6038248 ) found the following ( 1 ) results:

| | | | | |
|---|---|---|---|---|
| Lic. Status: | No Longer Licensed | Lic. Date: | Aug 06, 2002 | |
| Lic. Number: | 6038248 | Lic. Type: | California Finance Lender | |
| Name: | INTERCAPITAL MORTGAGE CORPORATION | | | |
| Address: | 23 MAUCHLY, SUITE 111 | | | |
| | IRVINE, CA 92618 | | | |

Please enter a license number or the name of the company you are looking for in the correct space below. The "No Longer Licensed" date is the date a record was removed from our active license listing. Please call our Consumer Services Office by calling 1-(866) 275-2677 for the actual date of surrender or revocation or search for additional information against a licensee or search for consumer alerts through our enforcement action page.

⊙ Company Name Contains ○ Company Name Begins With

⊙ Active ○ Inactive ○ Both

Company Name:

License Number:

License Type:

City:

State:

Zip:

Search

Select Language | ▼
Powered by Google Translate
View Disclaimer

Home | Job Opportunities | Download Adobe Acrobat | Language Access Complaints / Quejas para el Acceso de Idioma | Feedback | Help | Site Map

Privacy Policy

http://www.dbo.ca.gov/fsd/licensees/default.asp?flag=1&id=+6038248    1/2

# STATE OF CALIFORNIA
# BUREAU OF REAL ESTATE

The license information shown below represents public information taken from the Bureau of Real Estate(CalBRE) database at the time of your inquiry. It will not reflect pending changes which are being reviewed for subsequent database updating. Also, the license information provided includes formal administrative actions that have been taken against licensees pursuant to the Business and Professions Code and/or the Administrative Procedure Act. All of the information displayed is public information. Although the business and mailing addresses of real estate licensees are included, this information is not intended for mass mailing purposes.

License information taken from records of the Bureau of Real Estate on 12/3/2015 11:37:04 PM

| | |
|---|---|
| **License Type:** | BROKER |
| **Name:** | Klein, Daniel Philipp |
| **Mailing Address:** | 3955 MICHELSON # 2511<br>IRVINE, CA 92612 |
| **License ID:** | 01898656 |
| **Expiration Date:** | 08/05/19 |
| **License Status:** | LICENSED |
| **Broker License Issued:** | 07/12/11 |
| **Former Name(s):** | NO FORMER NAMES |
| **Main Office:** | 610 NEWPORT CENTER DR SUITE 810<br>NEWPORT BEACH, CA 92660 |
| **DBA** | NO CURRENT DBAS |
| **Branches:** | 25531 COMMERCE CENTRE #250<br>LAKE FOREST, CA 92630 |

**Affiliated Licensed Corporation(s):** NO CURRENT AFFILIATED CORPORATIONS

| | |
|---|---|
| **Comment:** | NO DISCIPLINARY ACTION |
| | NO OTHER PUBLIC COMMENTS |
| | >>>> Public information request complete <<<< |

12/10/2015                                                    E.Mochila Webmail

## Anton A. Ewing, JD <anton@antonewing.com> 12/10/15 14:04

Print       Cancel

| From: | anushe@conservasolar.com |
|---|---|
| To: | sddronevideos@gmail.com |
| Received-On: | 12/02/15 10:57 |
| Subject: | Solar Appointment |
| More... | |

Hello Mr. Ewing,

Your phone appointment with the solar expert is scheduled for tomorrow at 10:00 am.

Please do send me your 12 month KWH usage(exact KWH usage for the past 12 months). You can reply back to this email, or feel free to call me back at 747-477-3548.

Thank you,
Anushe
Conserva Solar

## Anton A. Ewing, JD <anton@antonewing.com> 12/10/15 14:05

Print    Cancel

| From: | anushe@conservasolar.com |
|---|---|
| To: | sddronevideos@gmail.com |
| Received-On: | 12/02/15 10:58 |
| Subject: | Please reply YES to authorize call |
| More... | |

By replying "YES", you authorize Sungevity to use automated technology
to
 call you at the telephone number provided, even if it is a wireless
 number and even if you have previously registered with a Do Not Call
 list or requested that we not contact you. This authorization is not
 required to make a purchase, and you may contact us to revoke it at any
 time.

```
Domain Name: CONSERVASOLAR.COM
Registry Domain ID: 1945224002_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.bluehost.com
Registrar URL: http://www.bluehost.com/
Updated Date: 2015-07-06T22:10:20Z
Creation Date: 2015-07-06T22:09:57Z
Registrar Registration Expiration Date: 2016-07-06T22:09:57Z
Registrar: FastDomain Inc.
Registrar IANA ID: 1154
Registrar Abuse Contact Email: abuse@bluehost.com
Registrar Abuse Contact Phone: +1 801 765 9400
Reseller: BlueHost.Com
Domain Status: clientTransferProhibited (https://www.icann.org/epp#clientTransferProhibite
d)
Registry Registrant ID:
Registrant Name: DANIEL KLEIN
Registrant Organization: K2 PROPERTY DEVELOPMENT
Registrant Street: 3395 MICHELSON # 2511
Registrant City: IRVINE
Registrant State/Province: CALIFORNIA
Registrant Postal Code: 92612
Registrant Country: UNITED STATES
Registrant Phone: +1.9494397808
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: INTERCAPITALREALTY@GMAIL.COM
Registry Admin ID:
Admin Name: DANIEL KLEIN
Admin Organization: K2 PROPERTY DEVELOPMENT
Admin Street: 3395 MICHELSON # 2511
Admin City: IRVINE
Admin State/Province: CALIFORNIA
Admin Postal Code: 92612
Admin Country: UNITED STATES
Admin Phone: +1.9494397808
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: INTERCAPITALREALTY@GMAIL.COM
Registry Tech ID:
Tech Name: BLUEHOST INC
Tech Organization: BLUEHOST.COM
Tech Street: 1958 SOUTH 950 EAST
Tech City: PROVO
Tech State/Province: UTAH
Tech Postal Code: 84606
Tech Country: UNITED STATES
Tech Phone: +1.8017659400
Tech Phone Ext:
Tech Fax: +1.8017651992
Tech Fax Ext:
Tech Email: WHOIS@BLUEHOST.COM
Name Server: NS1.BLUEHOST.COM
Name Server: NS2.BLUEHOST.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
For more information on Whois status codes, please visit
https://www.icann.org/resources/pages/epp-status-codes-2014-06-16-en
```

# $0 DOWN LEASES WITH 3 MONTHS FREE*

GET YOUR FREE QUOTE            HOW IT WORKS

## OUR FOCUS

Comprehensive Solar Solutions

CONSERVA SOLAR | POWERING THE FUTURE



## RESIDENTIAL LEASE

Solar as a Service (SaaS) allows virtually any homeowner the ability to afford a solar installation, and save 30-50% on their electricity bill



## COMMERCIAL SOLUTIONS

Increase Free Cash Flow with a Financed Commercial Solar Installation. Low Financing rates and Tax Rebates Available. First Come First Served



## INVESTMENT PROPERTY

Add Instant Value to Building and Cash Flow, even if tenants pay for own electricity. Depreciate cost in 5 years, saving taxes.

# ABOUT US

Conserva and You. Powering The Future.

Conserva Solar is an integrated solar installer and financier, specializing in both residential and commercial solutions. Our goal is to provide each client with an unparalleled customer service experience. Solar starts with YOU. All of our consultants represent the highest standards in the industry. We only install quality racks, inverters and solar panels from our partners. We stand behind our product. We manage and maintain your system for life, and provide warranties for 25 years. Should you sell your property with one of our installations, we have a dedicated team to help you make the transition that much easier.

### SAVINGS
30%+ Savings on your Current Electric Bill



**50**

**WARRANTY**
25 Year Warranty on all Work **25**

**SATISFACTION GUARANTEED**
We guarantee System Performance from Day 1 **100**

**NO SURPRISES**
**1**

# TESTIMONIALS

I have always wanted solar power, but it has always been financially out of my reach. Conserva reached out to me with their $0 Down Solar lease and I couldn't be happier. I am saving $850 this year



F. Astorga

I own a 6-Unit building in Los Angeles. I always dreaded the summer as tenants would crank up the A/C. I financed a solar installation with Conserva, and have added

Your Message

SEND MESSAGE



CONSERVA SOLAR | POWERING THE FUTURE



2040 Main # 2000 Irvine, CA 92612



(info@conservasolar.com</a></div><div class=)949-439-7808 (tel:949-439-7808)

f ✈ in Bē ⊛