UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton EWING,<br><br>Ewing,<br><br>v.<br><br>K2 PROPERTY DEVELOPMENT, LLC,<br><br>et al.,<br><br>Defendants. | Case No.: 16-cv-0678-LAB-AGS<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTIONS (ECF Nos. 91 & 122) AND ORDER TO SHOW CAUSE** |

Over the past month, plaintiff submitted and filed several documents accusing defense counsel, her paralegal, and defendant of unethical and even criminal conduct. Despite several warnings that the Court would not tolerate unprofessional behavior, the result of plaintiff's filings has been to harass and coerce opposing counsel and defendant. For the reasons set out below, plaintiff's ex parte motions (ECF Nos. 91 & 122) are denied. In addition, plaintiff is ordered to appear on July 19, 2018, at 1:30 p.m. and show cause why this Court should not sanction him under Federal Rule of Civil Procedure 11.

## **BACKGROUND**

On May 15, 2018, Plaintiff Anton Ewing filed an emergency motion for a protective order requesting defense counsel, Kimberly Wright, be prohibited from communicating with him via email. (ECF No. 91.) Less than one week later, he filed a notice with the court accusing Wright of criminal deceit. (ECF No. 99.) That very day, he filed another notice

1

alleging that Wright's paralegal had engaged in unauthorized practice of law. (ECF No. 101.) The following day, Ewing filed another notice, this time claiming that Wright committed felony perjury. (ECF No. 104.) Finally, on June 11, 2018, Ewing filed yet another emergency ex parte motion requesting Wright be held in contempt for violating this Court's Order. (ECF No. 122.)

# **DISCUSSION**

Ex parte relief is a form of emergency relief, which requires the moving party show why regular motion procedures "must be bypassed" and why the use is justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490, 492 (C.D. Cal. 1995). Generally, the moving party must show irreparable injury or prejudice will result without emergency relief. *Id.* at 492; *see also Souphasith v. ITT Hartford Life & Annuity Ins. Co.*, 15-cv-1269-DAD-SKO, 2016 WL 4011510, at *4 (E.D. Cal. July 26, 2016) (requiring adequate showing of good cause or irreparable injury to the party seeking relief).

**A.     Ex Parte Motion for Protective Order**

Ewing's first emergency ex parte motion requests the Court enter a protective order prohibiting Wright from communicating with him via email. He alleges Wright has sent his an excessive number of emails, and contends this is improper because he is represented by an attorney.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, [or] oppression," among other reasons. Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992).

   **1.     *Failure to Meet and Confer***

As a threshold matter, the Court notes Ewing failed to make a good faith attempt to meet and confer prior to filing as required by the local rules. Fed. R. Civ. P. 26(c); CivLR

2

83.3(g)(2). Ewing asserts that he "called Mrs. Wright's law firm two times and requested a meet and confer," and that she "refused to return the calls." (ECF No. 91, at 6.) Wright has provided transcripts of the three voicemails left by Ewing on May 15, 2018. (ECF No. 92-2, at 45.) Those messages show that Ewing did not request a meet and confer before filing this motion and that Wright was not given a reasonable time to return those calls.

At 10:52, Ewing left the first voicemail: it did not request a meet and confer, but simply informed Wright of Ewing's intention to file the motion. At 12:54 p.m. Ewing left the second voicemail and demanded Wright cease contacting Ewing via email. At 2:45 p.m., Ewing filed the motion for a protective order. And finally, at 2:56 p.m.—eleven minutes after filing—Ewing left a third voicemail requesting a meet and confer. Ewing's mischaracterization his attempts to meet and confer is unacceptable and does not evidence a good faith attempt as required by the Local Rules.

### 2. *There is no Good Cause to Enter a Protective Order*

Even if this Court were to ignore the failure to meet and confer, the Court declines to grant the requested relief. Ewing argues Wright cannot communicate with him directly because he is represented by an attorney. Ewing fails to mention that he is actually pursuing three cases against this same defendant, but that Ewing is represented in only one of those cases, which is filed not only in another court but also in another court system. *See Ewing v. K2 Prop. Dev., LLC,* 37-2018-00022631-CL-BC-CTL (Cal. Super. Ct. 2018). But, in the matter before this Court, Ewing is *pro se*. Thus, Wright must communicate with him directly to advance this litigation.

Even if Wright must communicate with Ewing directly, Ewing requests that the Court prohibit communication via email because (1) there is no local rule, chambers rule, or FRCP rule that requires communications via email; (2) "[f]ederal courts have existed and operated smoothly for several hundred years in the United States . . . without email;" and, (3) in 1996, "only one in ten Americans used email." (ECF No. 91 at 3.) Ewing cites no case or other law to support his request for a protective order.

16-cv-0678-LAB-AGS

First, no rule prohibits email communications because such a rule would run contrary to the spirit (if not the letter) of the Federal Rules, which require parties to confer, communicate, and cooperate. *See, e.g.*, Fed. R. Civ. P. 5, 26, 37. Ewing's second and third points are irrelevant. Even if the Court were to entertain Ewing's request, he fails to show how receiving emails from Wright will cause him specific harm and, therefore, why a protective order is warranted. Indeed, Email provides immediate and convenient notice and its use has become commonplace. Thus, Ewing's request has no basis in law, is meritless, and appears to be presented to the Court to harass, annoy, or oppress Wright and defendant.

**B.     Ex Parte Motion to Hold Defense Counsel in Contempt**

Ewing's second ex parte motion alleges that Wright, violated this Court's Order (ECF No. 62) when she sent an email containing confidential settlement terms to a third party via email. (ECF No. 122, at 1.) Wright concedes she sent copies of defendant's motion to enforce settlement to following three email addresses: (1) anton@antonewing.com, (2) kclover81@gmail.com, and (3) seosearchdata@gmail.com. (ECF No. 123, at 2.) Ewing contends that by sending the email to kclover81@gmail.com, Wright put him "in a very precarious position in that the person who owns, uses and manages kclover81@gmail.com now knows how much this case settled for." (ECF No. 122, at 2.) Ewing goes on to claim that "Wright's damage is unrepairable and permanent. [Thus], Plaintiff Ewing . . . respectfully moves the Court to bring down the hammer once and for all and hold attorney Kimberly Wright in contempt of this court's direct order." (*Id.* at 2-3.)

On February 13, 2018, this Court issued an order stating that "if any settlement terms [were] revealed in future filings, [the filing party would] be held in contempt . . . ." (ECF No. 62.) This order was in response to defendant and his former attorney repeatedly filing documents which contained confidential terms and conditions of settlement in the public record. While the Court's intent was to preserve confidentiality, the Court's order did not expressly refer to the parties sharing settlement information with third parties. The Court's intent may have been to prevent sharing settlement terms with the public, but it did

4

not intend to prohibit parties from sending information directly to emails specifically listed by the plaintiff as parties to be noticed. Ewing argues that by sending the email to kclover81@gmail.com, Wright violated this Order and, therefore, should be held in contempt. (ECF No. 122, at 2.) Regardless of whether kclover81@gmail.com is owned by an independent third party, it was provided by Ewing, and the email in question does not violate the Court Order.

C.     **Reasonable Fees and Costs**

The Court must award fees and costs, including reasonable attorney's fees, when it denies either a motion for a protective order or for violation of a court order, and the movant was not "substantially justified" in bringing the motion. Fed. R. Civ. P. 37(a)(5)(B) & (b)(2)(C). As set out in this order, Ewing had no legal basis to bring either motion. Rather, he brought them hastily.

Reasonable attorney's fees are calculated using the *Lodestar* method "by multiplying the number of hours . . . reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citations omitted). The relevant legal community for determining a reasonable rate is "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013).

Wright submitted a declaration indicating that her hourly rate is $410 per hour. (ECF No. 92-1, at 8-9.) She is a nine-year veteran attorney and a partner at her firm. (*Id.* at 8.) Compared to recent cases in this district, the $410/hour rate she seeks is reasonable. *See Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 981 (S.D. Cal. 2014) (finding a $375/hour rate reasonable for a three-year attorney in class action practice); *see also Obesity Research Inst., LLC v. Fiber Research Int'l, LLC,* No. 15-cv-595-BAS-MDD, 2016 WL 1573319, at *2-*4 (S.D. Cal. April 18, 2016) (finding $400/hour was a reasonable rate for an associate with six years of experience to file a motion to strike); *Blair v. CBE Grp., Inc.,* No. 13cv134-MMA (WVG), 2014 WL 4658731, at *4 (S.D. Cal. Sept. 17, 2014) (finding $425/hour reasonable for an associate with four years of experience in a discovery dispute for a TCPA claim).

5

Wright represents she spent 5.4 hours on the first motion. (ECF No. 92-1, at 8.) The Court finds that less than six hours is an appropriate amount of time to read, research, and complete a 137-page response, including exhibits, to a six-page emergency motion for protective order. Consequently, Ewing is ordered to pay costs and reasonable expenses of $2,214.00 to Wright within two weeks.

## D. Rule 11 Sanctions

Federal Rule of Civil Procedure 11 is intended "to deter baseless filings in district court." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990). It prohibits a party—whether by signing, filing, submitting, or later advocating—from presenting a motion or other paper to the court for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). Similarly, the Rule requires that all factual contentions have evidentiary support. 11(b)(3). "[T]he violation is complete when the paper is filed." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 398 (1990). The court may order the party "to show cause why [his] conduct . . . has not violated Rule 11(b)" on its own initiative. Fed. R. Civ. P. 11(c)(3).

Both Ewing's motion to not use email and his motion for contempt due to counsel utilizing an address Ewing provided appear frivolous. Ewing's first motion for a protective order caused unnecessary delay and needlessly increased the cost of litigation for Klein because it is not "warranted by existing law or by a nonfrivolous argument." 11(b)(2). In reality, it is a motion to prevent counsel from utilizing email.

Ewing's second motion similarly appears to be brought for an improper purpose. Although the Court's Order prohibited the parties from filing anything on the docket that contained confidential settlement terms, it did not prohibit emailing the terms to a third party, particularly one designated by plaintiff as someone to be served with Court orders. Ewing's allegations that he is unassociated with Ms. Clover are not probative. Even his motion for contempt was served to kclover8@gmail.com. However, per Rule 11, the Court must give plaintiff an opportunity to be heard and will consider his *pro se* status in levying any sanctions.

## CONCLUSION

Ewing's motions (ECF Nos. 91 and 122) are denied and Ewing must pay $2,214.00 to Wright for reasonable fees and costs in litigating these motions within two weeks of the date of this order or by July 29, 2018. In addition, Ewing is ordered to appear on July 19, 2018, at 1:30 p.m. to show cause why this Court should not impose sanctions under Rule 11(b).

**IT IS SO ORDERED.**

Dated: July 17, 2018

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE