# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING<br><br>                           Plaintiff,<br><br>vs.<br><br>K2 PROPERTY DEVELOPMENT, LLC<br>and DANIEL KLEIN,<br><br>                          Defendants. | CASE NO. 16cv0678-LAB (AGS)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO DENIAL OF EX PARTE MOTIONS [Dkt. 145]** |

      Plaintiff Anton Ewing filed a series of *ex parte* motions and notices in which he personally attacked defense counsel and sought to have her held in contempt. Judge Averitte denied these motions and ordered Ewing to pay defense counsel $2,214 in fees and costs pursuant to Rule 37. Ewing objects[1] to the magistrate judge's order. For the reasons discussed below, the objection is **OVERRULED**.

## LEGAL STANDARD

      Rule 37 requires the Court order a party who unsuccessfully brings a motion within the scope of the rule to pay the opposing party fees and costs, including attorneys' fees, unless the moving party shows "the motion was substantially justified or other

---

[1] Plaintiff refers to his filing as an "appeal," but the Court construes it to be an objection under FRCP 72(a).

circumstances make the award unjust." FRCP 37(a)(5)(B). Monetary sanctions, including those ordered under Rule 37, are not dispositive. *Maisonville v. F2 America, Inc.* 902 F.2d 746, 747-748 (9th Cir. 1990). A party may object to non-dispositive pretrial orders of a magistrate judge within fourteen days. FRCP 72(a). The objection will not be sustained unless the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

Ewing's objection is wide-ranging and imprecise. Other than cursory references to Rule 37, "Local Rules," and "a similar order . . . just a few years ago," he cites no legal authority whatsoever. But looking past that, his contentions appear to be as follows: First, awarding fees under Rule 37 is "impossible" because discovery is closed. Dkt. 145 at 2. Second, Rule 37 only permits payments to a "party or deponent," not opposing counsel. *Id.* Third, defendant has not actually paid or does not actually owe his counsel fees for opposing Ewing's *ex parte* motions. *Id.* Fourth, that he "was never given an opportunity to speak prior to imposition of the $2214." *Id.* at 5. And fifth, Ewing cannot afford the fees, and being made to do so "would render serious financial hardship and be unjust under the circumstances." *Id.* at 3. The Court takes each in turn.

To the first point, "the Ninth Circuit has repeatedly held that Rule 37 'provide[s] comprehensively for enforcement of all [discovery] orders, including Rule 26(c) protective orders,'" like the one Ewing brought. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 5:11-cv-01846-LHK (PSG), 2014 U.S. Dist. LEXIS 11778, at *34 (N.D. Cal. Jan. 29, 2014) (citations omitted). Accordingly, Ewing's motion for protective order is subject to Rule 37. Whether discovery was closed when Ewing chose to file his meritless motion for protective order is of no consequence.

To the second point, at least one Ninth Circuit decision has affirmed an order requiring the payment of attorneys' fees to opposing counsel. *David v. Hooker, Ltd.*, 560 F.2d 412 (9th Cir. 1977). But the appropriateness of the payee in *David* was not directly at issue, so the Court does not find that decision instructive here. *Id.* at 415. In any event,

"neither Klein nor his counsel take any issue with Plaintiff paying the fees and costs to the attorney trust account for Klein, the payee being 'Revolve Law Group Attorney Trust Account.'" Dkt. 150 at 2. The Court therefore modifies the order to require Ewing pay Revolve Law Group Attorney Trust Account instead of Wright.

Third, Ewing asserts that Klein has not paid or does not owe his counsel fees, and that this somehow immunizes Ewing from monetary sanctions based on fees. Klein's counsel, however, states that she is not representing Klein *pro bono,* and that attorneys' fees would be available even if she were. Dkt.150 at 2-3. The Court agrees. *See In re Stine*, 254 B.R. 244, 252 (B.A.P. 9th Cir. 2000) ("To the extent that the bankruptcy court considered Stine's *pro bono* representation a special circumstance that would make an award of attorney's fees unjust, the court also erred."); *Brinn v. Tidewater Transp. Dist. Comm'n*, 242 F.3d 227, 234-35 (4th Cir. 2001) ("[C]ourts have consistently held that entities providing pro bono representation may receive attorney's fees where appropriate, even though they did not expect payment from the client . . . .").

Fourth, Ewing argues the fee award is improper because he "was never given an opportunity to speak prior to imposition of the $2214." *Id.* at 5. While it is true that Rule 37(a)(5) provides movants the "opportunity to be heard," that opportunity is satisfied by the parties' briefing. *See Paladin Assocs. v. Mont. Power Co.,* 328 F.3d 1145, 1164-65 (9th Cir. 2003). Klein's response to Ewing's motion for protective order included a request for sanctions in an amount equal to his attorneys' fees. Dkt. 92 at 4. Ewing filed a one-page reply personally attacking defense counsel rather than addressing the request. Dkt. 93. Ewing had an opportunity to be heard, he just chose not to use it.

Fifth, Ewing argues imposing the fees would be unjust under the circumstances because doing so would cause him "serious financial hardship." Ewing represents he has been unemployed for years and that his bank statements would substantiate his inability to pay. Dkt. 145 at 3. Klein encourages the Court to be skeptical of these representations. Dkt. 150 at 3. Ewing has filed 24 lawsuits in this District, and in a draft settlement agreement with Klein, requested Klein make his settlement payment to a Limited Liability

Company. *Id.* at 3. Thus, Klein argues, Ewing's bank statements may not serve as an accurate proxy for Ewing's ability to pay because Ewing's income from settling lawsuits may be in the separate bank accounts of entities Ewing controls. *Id.* at 3. Klein also points out that in this and other lawsuits currently pending Ewing alleges that he has a business. *Id.* at 3. Klein argues Ewing must be lying because he cannot both have a business and be unemployed. *Id.* at 4. Klein urges the court to impose Rule 11 sanctions on Ewing *sua sponte* for misrepresenting his employment status. *Id.* at 4. The Court declines Klein's invitation to impose Rule 11 sanctions, but considers the discrepancies identified in determining whether the fee award at issue is unjust.

The Court would be more inclined to show Ewing leniency if his pattern of misrepresentations and unprofessional conduct showed any sign of abating. This Court has repeatedly warned Ewing about misrepresentations, including by striking one of Ewing's recent filings that misrepresented findings made by another judge in this District. Dkt. 155 at 1-2. While the Court acknowledges that the stricken document was filed after the objection at issue here, it is unfortunate that Ewing's current objection contains similarly misleading statements. Ewing writes, "[i]mportantly, Magistrate Averitte made a finding that no sanctions were warranted under Rule 11 . . . ." Dkt. 145 at 5. The docket, however, shows the Court merely "declined to levy any sanction at that time" and went on to admonished Ewing "that he is expected to cooperate with opposing counsel in a professional manner and that he must strictly comply with Rule 11 or the Court would consider a more severe sanction, including dismissal, in the future." Dkt. 151.

At best, Ewing demonstrates a habit of confusing leniency for vindication. At worst he is dishonest. Either way, this backdrop makes it difficult to find the sanction here unjust. Ewing was ordered only to pay the costs he imposed on defendants by choosing to file meritless motions, and the Court has repeatedly forgiven conduct warranting harsher sanctions throughout this litigation. To the extent Ewing's representation that overruling his objection will cause financial hardship is true, that hardship was avoidable. At the very least, Ewing has not shown the magistrate judge's order was clearly erroneous

or contrary to law.

Finally, in his objection, Ewing reiterates accusations made in his *ex parte* motions. To the extent the Court should construe these as objections to denial of the underlying motions rather than the imposition of fees pursuant to Rule 37, the objections are also overruled, both on the merits for reasons specified by the magistrate judge and for mootness in light of this Courts recent order to enforce the settlement agreement between the parties.

### **CONCLUSION**

Ewing's objection is **OVERRULED**. The Magistrate Judge's Order Denying Plaintiff's Ex Parte Motions (Dkt. 131) is **MODIFIED** such that Ewing shall pay the $2,214.00 to the Revolve Law Group Attorney Trust Account. Alternatively, if Ewing insists that these sanctions would cause him unjust financial hardship, he may submit to a debtor's exam to be conducted by Magistrate Judge Averitte. If Ewing elects a debtor's exam, Defendants shall have the right to examine the financial records of Ewing and any business entities he owns or is similarly associated with. Defendants will also be able to cross-examine him at the hearing. At the conclusion of the hearing, Judge Averitte will have the authority to impose a sanction of up to $2,214 on Ewing for the reasons set out above. If Judge Averitte finds Ewing has misrepresented his financial condition, he may also recommend that this Court impose further sanctions. Ewing is **ORDERED**, by **October 19, 2018**, to either: (1) pay the $2,214.00 to the Revolve Law Group Attorney Trust Account and file a notice with the Court to that effect, or (2) notify the Court that he intends to submit to a debtor's exam.

**IT IS SO ORDERED**.

Dated: October 4, 2018

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
United States District Judge