# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING<br><br>         Plaintiff,<br><br>vs.<br><br>K2 PROPERTY DEVELOPMENT, LLC<br>and DANIEL KLEIN,<br><br>         Defendants. | CASE NO. 16cv0678-LAB (AGS)<br><br>**ORDER DENYING MOTION FOR SANCTIONS [Dkt. 171]; DENYING MOTION TO HOLD DEFENDANT IN CONTEMPT [Dkt. 173]; GRANTING MOTION TO STRIKE [Dkt. 176]** |

On October 4, 2018, this Court found that Defendant Daniel Klein had substantially complied with the terms of a settlement agreement with Plaintiff Anton Ewing that was entered on the record in front of Magistrate Judge Andrew G. Schopler. Accordingly, the Court granted Klein's motion to enforce the settlement agreement and dismissed the case. Presently before the Court are two motions: Klein's motion for sanctions against Ewing based on Ewing's decision to continue litigating a related case in state court, and Ewing's retaliatory motion to hold Klein in contempt for publicly filing private documents. Dkts. 171, 173. These motions are suitable for disposition without argument and both motions are **DENIED**. Civ. L.R. 7.1(d). Klein's related motion to strike is **GRANTED**. Dkt. 176.

/ / /

### 1. Klein's Motions for Sanctions against Ewing

The parties attempted to settle this case twice. The first settlement was entered out-of-court and was never finalized for reasons not relevant here. The second settlement was entered orally on the record in front of Judge Schopler. The terms of the settlement required Klein to provide to Ewing certain documents tying Klein's company, K2, to other telemarketing firms. After Klein provided the documents late, Ewing reneged on the settlement agreement and continued litigating. Klein then brought a motion to enforce the settlement agreement and the Court granted that motion, finding that Klein had substantially complied with the terms of the agreement. The Court specifically found that the second "settlement agreement supersede[d] any previous settlement agreements" and that the case should be dismissed. Dkt. 160 at 7. Apparently unhappy with this result, Ewing continued litigating a parallel suit in San Diego Superior Court, which is related to the first, out-of court settlement agreement. Klein urges the Court to sanction Ewing for this behavior, which, in Klein's view, violates the terms of the settlement agreements and this Court's order of dismissal.

It is true that "[d]istrict courts have broad equitable power to order appropriate relief in civil contempt proceedings." *F.T.C. v. EDebitPay LLC*, 695 F.3d 938, 945 (9th Cir. 2012). But sanctions are not levied lightly. "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "A person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Id.* (internal citations and alterations omitted).

Sanctions are not warranted here. While the Court was clear in its finding that the in-court settlement agreement superseded the first, it did not issue a "specific and definite" order that Ewing cease any related litigation in state court. *Id.* Ewing's decision to do so may be frivolous, but it does not directly contravene this Court's order. The state court is capable of determining the res judicata effects of this Court's decisions and sanctioning

Ewing to the extent his litigation is frivolous or malicious. But that's for the state court to decide, not this one. Klein's motion is **DENIED**. Dkt. 171.

### 2. Ewing's Motion to Hold Klein in Contempt

In what can only be construed as a retaliatory motion filed in response to Klein's motion for sanctions, Ewing has filed a motion to hold Klein in contempt for publicly filing documents that Judge Schopler previously ordered to be filed under seal. The gist of his argument is that Judge Schopler ordered the parties to refrain from referencing settlement terms in future filings, and Klein violated this order when he filed his original motion for sanctions, which contained a reference to the dollar amount of the original, out-of-court settlement. Ewing has no leg to stand on here, because he too has publicly filed a document referencing the settlement amount. *See* San Diego County Superior Court Case No. 37-2018-00022631-CL-BC-CTL, Complaint.[1] This is not to suggest that either party is entirely innocent, but simply to rebut Ewing's argument that he has somehow suffered harm from the disclosure. *See* Dkt. 172 at 2 ("This disclosure harms Plaintiff in that other telemarketers now know that Plaintiff has accepted these small amounts to dispose of cases. The negative implications and serious harm that this puts upon Plaintiff is material and significant."). Ewing's motion to hold Klein in contempt is **DENIED**. However, Klein's motion to strike Docket Entry 168—Klein's original motion for sanctions—is **GRANTED**, and the clerk is directed to strike that entry from the docket.

### 3. Conclusion

For the reasons above, the competing motions for sanctions are **DENIED**. Dkts. 171, 173. Klein's motion to strike, (Dkt. 176), is **GRANTED** and the clerk is directed to strike the entirety of Dkt. 168 from the docket. This case remains closed, and the hearing currently scheduled for February 25, 2019 is **VACATED**.

/ / /

---

[1] Court orders and filings are proper subjects of judicial notice. *See United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007).

As always, the parties are encouraged to work through their disagreements in a professional and courteous manner.

**IT IS SO ORDERED.**

Dated: February 20, 2019

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge